# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN ZIBOLSKY,
    Plaintiff,

v.                                                           Case No. 03-C-0920

BROWN COUNTY,
THOMAS HINZ, DAVID KONRATH, and
MARY ANN RICHARDS,
    Defendants.

## ORDER

Plaintiff, John Ziblosky, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on September 22, 2003. On December 9, 2004, I granted plaintiff's request to dismiss his pro se civil rights action, and dismissed the matter without prejudice. On March 15, 2006, I received a request from plaintiff to reopen his case. Plaintiff contends that he suffers from psychological problems and that he was confused by the litigation process and felt unable to pursue his claims. He asserts that he is now on medication and, after studying the issue, he now feels ready to pursue his claims. He additionally mentions that the filing fee in this action is now almost completely paid. Because the clerk entered a final judgment in the matter, I construed plaintiff's request as a motion to alter the judgment under Fed. R. Civ. P. 60(b) and requested that defendant respond. Prior to making a determination regarding plaintiff's motion, plaintiff filed a proposed amended complaint.

First, it appears that I erred in construing plaintiff's requests as a motion pursuant to Rule 60(b). "An unconditional dismissal terminates federal jurisdiction." Jessup v. Luther, 277 F.3d 926, 929 (7th Cir. 2002) (quoting McCall-Bey v. Franzen, 777 F.2d 1178 1190 (7th Cir. 1985). Thus, after a Rule 41 dismissal, there is nothing for me to reconsider,

as I was divested of jurisdiction after approving plaintiff's voluntary dismissal. See In re W. Tex. Mktg. Corp., 12 F.3d 497, 501 (5th Cir.1994) ( "[W]hen the parties voluntarily agreed to a dismissal under Federal Rule of Civil Procedure 41(a)(1)(ii) ... any further actions by the court were superfluous.").

It was plaintiff's own action, not an action of this court, that terminated the lawsuit. Once plaintiff initiated the dismissal of his own complaint, his remedy was not reinstatement of the complaint or an appeal from the voluntary dismissal, but a new lawsuit, subject only to statute-of-limitations constraints.

Therefore,

**IT IS ORDERED** that plaintiff's request to reopen his case is **DENIED**.

Dated at Milwaukee, Wisconsin, this 25 day of May, 2007.

/s_____
LYNN ADELMAN
District Judge